UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN HAWK, | No. 2:15-cv-1548-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| EDMUND BROWN, et al., | |
| Defendant. | |

      Plaintiff, a state prisoner proceeding pro se, filed a "Complaint for Declaratory Judgment." The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 31, 2015, the magistrate judge filed findings and recommendations. Plaintiff filed objections to the findings and recommendations. This court conducted a *de novo* review of this case under 28 U.S.C. § 636(b)(1)(C) and Local Rule 304. After careful review, the court adopted the findings and recommendations in full on October 14, 2015. Plaintiff subsequently filed a motion for reconsideration.

      District courts have wide discretion to consider and vacate a prior order. *See Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

1

committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted & alteration in original). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ... of that which was already considered by the [c]ourt in rendering its decision.*" Le v. Sandor*, No. 14–01464, 2014 WL 5305894, at *1 (E.D. Cal. Oct. 15, 2014) (internal quotation marks omitted). A party filing a motion for reconsideration should not ask the court "to rethink what the Court has already thought through" simply because of a disagreement with the result of that thought process. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). In addition, in this district, a motion for reconsideration is governed by Local Rule 230(j), which requires a party to set forth, among other things, "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j)(3).

Here, because plaintiff does not present this court with new evidence, does not show the court committed clear error, and does not indicate a change in controlling law, plaintiff has not met any of the grounds for reconsideration. In his motion, plaintiff merely repeats the argument from his objection to the findings and recommendations, that the magistrate judge's characterization of his complaint as one brought under 42 U.S.C. § 1983 is incorrect. As the court stated in its previous order, "[r]egardless of whether this action is characterized as a § 1983 complaint or a 'Complaint for Declaratory Judgment,' dismissal is appropriate because plaintiff has commenced a civil action without paying the required filing fee or seeking leave to proceed in forma pauperis." ECF 13 at 2:4-6.

Because plaintiff merely repeats the same argument the court already considered in making its decision, the court DENIES plaintiff's motion for reconsideration.

IT IS SO ORDERED.

DATED: January 7, 2016

_____
UNITED STATES DISTRICT JUDGE

2